**Jimmy BULLOCK, Plaintiff–Appellant,**

**v.**

**AIU INSURANCE COMPANY; The Gottfried Corporation; and AIG Claim Services, Inc., Defendants–Appellees.**

No. 06–60528.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 2007.

Lance Lee Stevens (argued), Stevens & Ward, Jackson, MS, for Bullock.

David Magee Ott (argued), William A. Whitehead, Jr., Bryan Nelson, Hatties-

---

burg, MS, Rebecca Barge Cowan, Edward J. Currie, Jr., William W. McKinley (argued), Currie, Johnson, Griffin, Gaines. & Myers, Jackson, MS, for Defendants–Appellees.

Before GARWOOD, BARKSDALE and GARZA, Circuit Judges.

GARWOOD, Circuit Judge:

This court has determined, in this Mississippi law diversity case, to certify the dispositive but unsettled question of law in this matter to the Supreme Court of Mississippi.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO MISSISSIPPI RULE OF APPELLATE PROCEDURE 20.

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

## I.  STYLE OF THE CASE

The style of the case in which this certificate is made is *Jimmy Bullock, Plaintiff–Appellant v. AIU Insurance Company; The Gottfried Corporation; and AIG Claim Services, Inc., Defendants–Appellees,* Cause No. 06-60528, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Mississippi. Federal jurisdiction is based on diversity of citizenship.

## II.  STATEMENT OF THE CASE

Plaintiff-appellant Jimmy Bullock (Bullock) appeals the district court's final judgment entered July 17, 2006, in which the court granted defendants-appellees' motion for summary judgment.[1] The court concluded that the applicable statute of limitations barred Bullock's suit alleging bad faith in the denial of his workers' compensation benefits and dismissed with prejudice all of his claims against all defendants. At issue is whether Bullock's bad faith cause of action accrued in 1999 when the Mississippi Workers Compensation Commission Administrative Law Judge (ALJ) issued an order declaring Bullock's injury compensable or, instead, in either 2003, when the ALJ issued his final order, or 2004, when the full Commission approved payment of a settlement to Bullock.

The parties agree that Mississippi law is applicable and that under Mississippi law a suit, such as Bullock's, for bad faith failure or refusal to pay workers' compensation benefits may not be filed until there is exhaustion of the administrative remedies provided by the Mississippi Workers' Compensation Act, MISS.CODE ANN. §§ 71–3–1 to –129, and the Mississippi Workers' Compensation Commission (the Commission). Further, they agree that the three-year limitations period prescribed at Mississippi Code 1972 Annotated § 15–1–49(1)[2] governs Bullock's bad faith action, which was filed August 26, 2004 (and subsequently removed by the defendants to the United States District Court for the Southern District of Mississippi on the ba-

---

**1.** The July 17, 2006 judgment was under FED. R.CIV.P. 54(b) because it did not adjudicate a cross-claim (for indemnity and related relief) by defendant-appellee, the Gottfried Corporation, against the other two defendants-appellees, AIU Insurance Company and AIU Claim Services Inc.; proceedings on that cross-claim were stayed pending resolution of this appeal.

**2.** MISS.CODE ANN. § 15–1–49(1) (2003) states: "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."

sis of diversity jurisdiction). Finally, all parties to this appeal concede that *if* Bullock's administrative remedies were exhausted in November or December 1999 such that he could have brought his bad faith cause of action at that time, "the bad faith claim expired before it was filed and the trial court's dismissal must be affirmed."

In November of 1996, Bullock was working as a subcontractor in Bay St. Louis, Mississippi for defendant-appellee The Gottfried Corporation (Gottfried), a Louisiana corporation, when he injured both of his knees while stepping off a ladder. Bullock filed a claim for workers' compensation benefits with defendant-appellee AIU Insurance Company (AIU), Gottfried's workers' compensation insurer. A dispute arose over whether Bullock was covered under Gottfried's workers' compensation policy with AIU. Coverage was denied.

Thereafter, on January 9, 1997, Bullock filed a petition to controvert with the Mississippi Workers' Compensation Commission (the Commission). On October 12, 1999, after conducting a hearing at which, as the October 12 order expressly states, the "only issue" considered was "the threshold issue of whether defendants are liable for payment of workers' compensation benefits under the Act," an ALJ issued and entered an order finding that Bullock was an insured and entitled to workers' compensation benefits under the AIU policy. No one appealed the ALJ's decision finding compensability to the full Commission. AIU and defendant-appellee

AIG Claims Services, Inc. (AIG) promptly paid all back benefits owed Bullock, and Bullock began receiving and continued to receive workers' compensation benefits.

Thereafter, the issue of temporary and permanent disability—which the parties had agreed to reserve pending a ruling on the issue of coverage—was litigated before the ALJ. A final hearing on the merits was scheduled for October of 2003, and the parties filed with the Commission pretrial statements on May 3, 2001. In their pretrial statement, Gottfried and AIU included among "contested issues" the issue of "whether employer and carrier herein are the responsible employer and carrier regarding this claim."[3] Also in their pretrial statement, Gottfried and AIU explained, "The parties have discussed the potential of having a bifurcated hearing in this matter, with the issue of whether or not the Gottfried Corp. is the responsible employer being the only issue[ ] to be decided at the first hearing."

After holding a hearing on October 15, 2003, the ALJ entered an order on December 1, 2003, declaring Bullock's claim compensable and awarding Bullock additional workers' compensation benefits. On May 25, 2004, the Commission approved payment of a commuted lump-sum settlement to Bullock.

On August 26, 2004, Bullock filed a civil complaint in the Circuit Court of Hancock County, Mississippi, against Gottfried, AIU, and AIG, asserting a bad faith claim for refusal to provide workers' compensation benefits. The case was removed

---

**3.** Other contested issues so listed by Gottfried and AIU included the following:

"The amount of claimant's average weekly wage on the date of the alleged injury/accident;

Existence/extent of temporary disability attributable to the alleged injury/accident;

Existence/extent of permanent disability attributable to the alleged injury/accident;

Reasonable/necessity/causal relationship of medical treatment and whether or not medical authorized;"

The blank to be checked to indicate that "Whether a work related injury/accident occurred on or about the date alleged in the petition to controvert" was *not* checked.

based on diversity of citizenship to the United States District Court for the Southern District of Mississippi, Southern Division, on November 18, 2004.

Gottfried moved to dismiss Bullock's case, contending that the suit was filed after the applicable limitations period. AIU and AIG joined in Gottfried's motion to dismiss and also filed an alternative motion for summary judgment, also based on the statute of limitations. Gottfried, AIU, and AIG argued that the limitations period began on November 1, 1999, or twenty days after the ALJ's October 12, 1999 decision in Bullock's favor—the period within which a request or petition for review by the full Commission is permissible under Mississippi Code 1972 Annotated § 71-3-47.[4] Bullock responded on July 1, 2005, arguing that the limitations period did not start until May 25, 2004, when the Commission approved the settlement.

The district court heard oral argument on the motions on February 6, 2006 and denied the motions after expressing its hesitancy to rule as a matter of law that the statute of limitations had run. On February 16, 2006, the defendants filed a motion to reconsider, arguing that the district court was duty bound under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to address the statute of limitations issue. On February 22, 2006, the district court granted the motion for reconsideration and ordered the parties to file supplemental briefs.

In its opinion and order filed April 28, 2006, the district court concluded that the lawsuit was filed after expiration of the three-year statute of limitations dictated by Mississippi Code 1972 Annotated § 15-1-49(1). Noting that Bullock's complaint does not allege any actionable conduct after October 12, 1999, and it appearing undisputed that ever since October 12, 1999 at the latest Bullock has been timely paid all compensation benefits he was entitled to, the court granted the defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, based on its determination that the limitations period on Bullock's bad faith claim began to run in October 1999, when the time to appeal the ALJ's October 12, 1999 order finding Bullock entitled to benefits expired. The district court entered final judgment. Bullock timely appealed.

The gravamen of Bullock's argument on appeal is that the ALJ's October 12, 1999 order determining his entitlement to benefits was an interlocutory order, *not* a final order, and as such it could not be appealed to the full Commission under the version in effect in 1999 of the Mississippi Workers' Compensation Commission Procedural Rule 10, which stated that where a party "desires a review before the Full Commission from *the* decision rendered at the evidentiary hearing," (emphasis added), the party shall file a request or petition for review within twenty days.[5] Bullock as-

---

4. MISS.CODE ANN. § 71-3-47 (2000), "Determination for claims for compensation," states, in pertinent part:

   "The commission shall have full power and authority to determine all questions relating to the payment of claims for compensation
   
   . . . .
   
   Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission. Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed."

5. Bullock also points out that effective April 1, 2001, this Rule 10 was amended to read, as it presently does, viz:

   Rule 10. Review Hearings. In all cases where either party desires a review before

serts that, as an interlocutory order, the ALJ's compensability finding in October 1999 would have merged with the ALJ's final decision on December 1, 2003, such that together the decisions would have been reviewable on direct appeal to the Commission. Bullock further argues that the *amount* of compensation he was owed remained at least potentially at issue before the Commission until the expiration of the time to appeal the ALJ's December 1, 2003 order. Accordingly, Bullock concludes that his bad faith cause of action could not have accrued until, at the earliest, twenty days had passed without an appeal from the ALJ's December 2003, final order.

We are aware of no court decision in any way addressing whether, under Mississippi law, an unappealed order of a Commission ALJ finding compensability but clearly not addressing and instead leaving open the amount and duration of compensation to which the employee is entitled, sufficiently exhausts the employee's administrative remedies such that, after expiration of the time to appeal the referenced ALJ order, the employee may then prosecute a suit for bad faith failure to pay compensation, or whether (or to what extent) that depends on whether the bad faith suit alleges bad faith action (or inaction) occurring *after* expiration of the time to appeal the mentioned ALJ compensability order. Nor are we aware of any court decision addressing whether such an ALJ order finding compensability but not addressing other issues, entered either before or after April 21, 2001, becomes final and unreviewable by the Commission if not appealed to it within twenty days.

the Full Commission from any decision rendered by an Administrative Judge, the party desiring the review shall within twenty (20) days of the date of said decision file with the Secretary of the Commission a written

## III. QUESTION CERTIFIED

Whether an order, issued in 1999, of a Mississippi Workers Compensation Commission Administrative Law Judge which determines only that the named employer and compensation insurer are liable to the named employee for compensation benefits in respect to a particular on the job accidental injury, but does not determine the amount or duration of benefits to be paid or any other matter, becomes final if not appealed by any party to the Commission within twenty days; and, if so, whether the employee claimant has *then* so exhausted his administrative remedies, notwithstanding that the employee's compensation case against the employer and compensation insurer remains pending before the Commission on other issues, such that the three year limitations period under Miss.Code 15-1-49(1) *then* commences and continues to run with respect to a subsequent suit by the employee against the employer or compensation insurer for bad faith failure to pay workers compensation benefits which does not allege any bad faith action or inaction after the expiration of twenty days following the ALJ's referenced order finding compensability.

## CONCLUSION

This Court disclaims any intention that the Supreme Court of Mississippi confine its reply to the precise form or scope of the legal question that we certify. If the Supreme Court of Mississippi accepts this Certificate, the answers provided by that court will determine the outcome of the appeal in this case.

request or petition for review before the Full Commission.

He stresses that in the new version *"any* decision" replaces *"the* decision" as used in the pre-April 2001 version.

The record in this case, together with the copies of the parties' briefs, is transmitted herewith.

The panel retains cognizance of the appeal in this case pending response from the Supreme Court of Mississippi, and the Court hereby certifies to the Supreme Court of Mississippi the above question of law.

QUESTION CERTIFIED TO THE SUPREME COURT OF MISSISSIPPI.