IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2008

Charles R. Fulbruge III
Clerk

No. 06-60528

JIMMY BULLOCK,

Plaintiff-Appellant,

versus

AIU INSURANCE COMPANY;
THE GOTTFRIED CORPORATION; and
AIG CLAIMS SERVICES, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

Before GARWOOD, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:

In this Mississippi law diversity case, plaintiff-appellant Bullock appealed the district court's summary judgment dismissing his August 2004 suit against defendants-appellees AIU Insurance Company, Gottfried Corporation and AIG Claims Services, Inc., which sought damages for their alleged bad-faith failure to timely pay him workers' compensation benefits respecting his alleged injuries

1

occurring in November 1996.  As noted in our prior opinion herein certifying question to the Mississippi Supreme Court, Bullock v. AIU Ins. Co., 503 F.3d 384 (5th Cir. 2007), the district court concluded that Bullock's suit was barred by the Mississippi three year statute of limitations because it was filed more than three years after the unappealed October 12, 1999 order of the Mississippi Workers' Compensation Commission Administrative Law Judge, which determined that Gottfried and AIU were liable for payments of workers' compensation benefits, became administratively final, and hence constituted an exhaustion of Bullock's administrative remedies under the Mississippi Workers' Compensation Law sufficient to start in 1999 the running of the statute of limitations on the bad-faith claim, as Bullock's 2004 suit did not allege that any delay or failure on the part of defendants to make payment after October 1999 of workers' compensation benefits to Bullock was tortious or in bad faith.  Responding to our certification, a majority of the Mississippi Supreme Court, in an opinion on rehearing, Bullock v. AIU Ins. Co., _____ So. 2d _____ (No. 2007-FC-01859, Miss. Sup. Ct. December 4, 2008), held that:

> ". . . [T]he October 1999 ruling by the administrative law judge was not a final order from which the statute of limitations period began to run for Bullock to file a complaint against the defendants for bad-faith refusal to provide workers' compensation benefits."
>
> . . .
>
> Because no 'award' was made or denied by the October 1999 order, it did not constitute a final order from which the statute of limitations began to run on Bullock's bad-faith claim.
>
> . . .
>
> Because the October 1999 order did not make or deny an award and was interlocutory, it did not constitute a final order from which the statute of limitations commenced to run."

In light of the said opinion of the Mississippi Supreme Court, the judgment of the district court is reversed and the cause is remanded to the district court for further proceedings not inconsistent with the opinion of the Mississippi Supreme Court and our prior opinion herein.

REVERSED and REMANDED