# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 9, 2010

Lyle W. Cayce
Clerk

No. 10-60294

JIMMY BULLOCK,

Plaintiff-Appellant

v.

GOTTFRIED CORPORATION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-835

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jimmy Bullock brought this tort action against his employer, Defendant-Appellee Gottfried Corporation ("Gottfried"), alleging that Gottfried acted in bad faith by refusing to pay him workers compensation benefits for almost three years.[1] Gottfried moved for summary judgment, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Originally, Bullock also sued AIU Insurance Company, Gottfried's workers compensation carrier, and AIG Claim Services, Inc., Gottfried's claims servicing company. But while summary judgment motions were pending, Bullock reached amicable settlement terms with these companies, and they were dismissed as parties by agreement. As such, the breach

No. 10-60294

the district court granted. The district court held that Gottfried was entitled to a judgment as a matter of law because Gottfried showed an arguable basis for challenging Bullock's eligibility for workers compensation. We agree and affirm the district court's grant of Gottfried's motion for summary judgment.

## I.  FACTS & PROCEEDINGS

### A.  Facts

Bullock is a sheet metal subcontractor who had worked for Gottfried since 1994 on approximately six jobs. In November 1996, Bullock was injured while working for Gottfried. Bullock did not have his own workers compensation insurance policy, so he filed his claim under Gottfried's policy. Gottfried disputed Bullock's coverage under its policy.

Gottfried relied on the fact that Bullock was a subcontractor, and not an employee, under a contract that required Bullock to maintain his own workers compensation coverage. Gottfried also produced a copy of a certificate of insurance indicating that Bullock maintained his own workers compensation policy effective from January 1996 until January 1997, covering the time of his injury. Gottfried contended that it was never notified by Bullock that he cancelled his insurance policy or was provided with a cancellation notice.

Bullock asserted that he had made an oral agreement with Gottfried before signing the subcontract that he would not provide his own insurance and instead would be covered on Gottfried's policy. Bullock alleges that Gottfried agreed to allow Bullock to deduct the insurance premiums from his invoices to Gottfried, known as "backcharging." The first time this backcharge ever occurred, however, was after Bullock's injury. Bullock had submitted two previous invoices, one on November 4 and the other on November 22—the later one *after* the injury took place on November 8—neither of which included a

---

of fiduciary duty claim is not at issue on appeal. *See Bullock v. AIU Ins. Co.*, No. 1:04-CV-835, 2010 WL 1141122, at *1 n.1 (S.D. Miss. Mar. 22, 2010).

No. 10-60294

backcharge deduction. Gottfried testified that this sequence of invoices, along with the contract and certificate of insurance, led it to believe that Bullock's insurance was effective at the time of his injury but had been allowed to lapse subsequently.

Gottfried's insurance company denied Bullock's workers compensation claim. Bullock then filed a petition with the Mississippi Workers' Compensation Commission to contest the denial of coverage. An administrative law judge held a hearing in October 1999 and determined that Bullock was indeed entitled to workers compensation benefits under Gottfried's policy, and Gottfried's insurance company accordingly paid him the requested benefits. In October 2003, another administrative hearing was held on the issue of temporary and permanent disability, which the parties had agreed to reserve pending the ruling on the issue of coverage. The administrative law judge concluded that Bullock's disability claim was compensable and awarded Bullock additional workers compensation benefits, which Gottfried's insurance company paid.

## B. Proceedings

In August 2004, Bullock filed a tort action in Mississippi state court, claiming that Gottfried had acted in bad faith by refusing to provide him workers compensation benefits. Gottfried removed the case based on diversity of citizenship.[2]

Gottfried first sought to dismiss Bullock's case on the basis that the statute of limitations had expired. The district court denied the motion but then granted it on rehearing, dismissing all of Bullock's claims as time-barred.[3] On appeal, we certified a question to the Mississippi Supreme Court asking on which date—that of the first administrative hearing or that of the second—this

---

[2] Bullock is a Mississippi resident and Gottfried is a Louisiana corporation.

[3] *Bullock v. AIU Ins. Co.*, No. 1:04-CV-835, 2006 WL 1195465, at *2 (S.D. Miss. Apr. 28, 2006).

No. 10-60294

action accrued for purposes of the statute of limitations.[4] The Mississippi Supreme Court held that the statute of limitations only began to run after the second administrative hearing so that Bullock's claims were timely.[5] We then reversed the dismissal and remanded to the district court for consideration of the merits of Bullock's claims.[6]

After completing discovery, Gottfried again moved for summary judgment. The district court granted Gottfried's motion, ruling that there was no genuine issue of material fact and that Gottfried was entitled to judgment as a matter of law.[7] The district court also granted Gottfried's motion to strike portions of Bullock's affidavit. Bullock timely filed his notice of appeal.

## II. ANALYSIS

### A. Bad Faith Refusal of Workers Compensation

Summary judgment is appropriate when there is no question of material fact and the moving party is entitled to a judgment as a matter of law. We review a district court's grant of summary judgment de novo, applying the same legal standards as the district court.[8]

Under Mississippi law, the liability of an employer to pay workers compensation is the employee's exclusive remedy against his employer.[9] But "the independent tort of bad faith refusal to pay compensation is an exception to this provision."[10] The Mississippi Supreme Court has summarized the tort as follows:

---

[4] *Bullock v. AIU Ins. Co.*, 503 F.3d 384, 388 (5th Cir. 2007).

[5] *Bullock v. AIU Ins. Co.*, 995 So. 2d 717, 723 (Miss. 2008).

[6] *Bullock v. AIU Ins. Co.*, 554 F.3d 524, 525 (5th Cir. 2008).

[7] *Bullock*, 2010 WL 1141122, at *6.

[8] *See* FED. R. CIV. P. 56(a) (as amended effective Dec. 1, 2010).

[9] *See* MISS. CODE ANN. § 71-3-9.

[10] *Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 479 (Miss. 2002) (en banc).

4

No. 10-60294

> In order to prevail in a claim for damages for bad faith there must be a determination as to whether there was a legitimate or arguable reason to deny the benefits, and/or that the denial constituted a willful or malicious wrong in disregard for [the employee's] rights. Really the only test . . . is whether the injury is compensable under the act. The two prongs of the test are not separate requirements, but rather part of the inquiry into whether the injury is compensable. Furthermore, where there is a legitimate or arguable basis in the delay or denial of payments, there is no valid claim for punitive damages.[11]

In addition, "[t]he fact that an [employer's] decision to deny benefits may ultimately turn out to be incorrect does not in and of itself warrant an award of punitive damages if the decision was reached in good faith."[12] Ultimately, then, we must determine whether there was an arguable basis for Gottfried's initial refusal of workers compensation to Bullock—in other words, whether there was "a reason 'sufficiently supported by credible evidence as to lead a reasonable [employer] to deny the claim.'"[13]

Here, credible evidence supports the conclusion that Gottfried had an arguable basis for disputing Bullock's workers compensation claim. Bullock's written contract with Gottfried stated that Bullock had to maintain his own workers compensation insurance coverage. Bullock had also provided Gottfried with a certificate of insurance that was effective at the time of the subject injury, and he never provided Gottfried with a written cancellation notice. Lastly, Bullock had received payments *without* the deducted backcharge both before and after his injury before submitting the final invoice months later with the

---

[11] *Id.* (citations omitted).

[12] *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003).

[13] *Sobley v. S. Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002) (quoting *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So. 2d 637, 642 (Miss. 1998)). *See also Luckett v. Miss. Wood Inc.*, 481 So. 2d 288, 290 (Miss. 1985) (extending the tort of bad faith refusal of workers compensation to employers as well as insurance carriers).

No. 10-60294

backcharge included. In sum, despite the fact that Gottfried eventually was required to cover Bullock's injury, Gottfried had an arguable basis to deny coverage initially.

## B.  Motion to Strike

We review the district court's grant of Gottfried's motion to strike for abuse of discretion.[14] The district court concluded that one statement in Bullock's affidavit was improper hearsay, one statement was irrelevant, and two other statements were improper conclusions or accusations of lying, or both. We agree and therefore affirm the district court's grant of Gottfried's motion to strike.

## III.  CONCLUSION

We conclude that Bullock's bad faith tort action was properly dismissed and that the district court did not abuse its discretion in striking several statements from Bullock's affidavit. All rulings of the district court and its judgment are AFFIRMED.

---

[14] *See Hollis v. Am. Airlines, Inc.*, 138 F.3d 1028, 1030 (5th Cir. 1998).