# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2011

No. 10-60643

Lyle W. Cayce
Clerk

BARDEN MISSISSIPPI GAMING LIMITED LIABILITY CORPORATION,
doing business as Fitzgerald's Casino,

Plaintiff – Appellant

v.

GREAT NORTHERN INSURANCE COMPANY; TOP LINE SEATING,
INCORPORATED,

Defendants – Appellees

Appeal from the United States District Court
for the Northern District of Mississippi

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this insurance dispute, Appellant Barden Mississippi Gaming LLC ("Barden") appeals the district court's grant of summary judgment in favor of Appellees Great Northern Insurance Company ("Great Northern") and Top Line Seating, Inc. ("Top Line"). In an earlier appeal brought by Barden, we concluded that under the terms of an insurance policy between the parties, Great Northern had a duty to defend Barden in a tort suit brought by an individual who had been injured on the premises of Barden's casino through the use of a stool sold by Top Line. Because the question was not ripe, we did not address whether Great Northern and Top Line had an attendant duty to indemnify Barden for the

No. 10-60643

underlying judgment. Upon the conclusion of that case, Barden sought a declaratory judgment in the district court, claiming that it is entitled to (1) indemnification for the amount of the judgment entered against it in the underlying tort suit, and (2) recovery of costs and fees incurred in pursuing this declaratory judgment. We AFFIRM the district court's grant of summary judgment to Great Northern and Top Line on both issues.

I.

The material facts of this case are undisputed. In June 2004, Mary Baier ("Baier") was injured while on the premises of a casino owned by Barden in Tunica, Mississippi. She filed a civil suit against Barden and Top Line, the manufacturer of the stool that was involved in her injury. In accordance with an earlier settlement agreement between Barden and Top Line, Barden had been named as an additional insured on Top Line's insurance policy with Great Northern. The policy provided liability coverage with respect to certain stools that Barden had purchased from Top Line for use in its Tunica casino.

When Baier filed her tort claim against Barden, Barden tendered the defense of that lawsuit (the "Baier Case") to Great Northern, which refused to defend Barden. Barden then filed a declaratory judgment action in the Northern District of Mississippi for breach of contract and to enforce its rights under the insurance policy. That case eventually led to an appeal in which we ruled that Barden was entitled under the policy to a defense in the Baier Case. *See Barden Miss. Gaming LLC v. Great Northern Ins. Co.* ("*Barden I*"), 576 F.3d 235 (5th Cir. 2009). We further held, however, that "it is clear under the insurance policy that the duty to indemnify will attach only if Top Line is ultimately found 100% negligent." *Id.* at 239. We therefore concluded that the question of indemnification was premature until a jury had determined whether Top Line's negligence was solely responsible for Baier's injury. *Id.* at 239–40. Following

No. 10-60643

remand, a jury ultimately concluded that Top Line was 50% negligent, Barden was 50% negligent, and Baier was 0% negligent.[1]

After the jury trial, Barden amended its complaint in the declaratory judgment action to request (1) indemnification from Great Northern and Top Line for the amount of the underlying judgment in the Baier Case, and (2) recovery of attorneys' fees and costs associated with its declaratory judgment action. The parties filed cross-motions for summary judgment. The magistrate judge, sitting as district court by consent of the parties, held that Barden is not entitled to recover either of these sums because there is no statutory or contractual basis for indemnification absent a finding that Top Line was 100% liable, and because Great Northern had at least an arguable basis for refusing to defend Barden. This appeal timely followed.

## II.

We are asked whether Barden is entitled to indemnification from Great Northern and Top Line for the underlying judgment in the Baier Case, and whether Barden is entitled to recovery of attorneys' fees and costs incurred in pursuing this declaratory judgment action. We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *Catlin Syndicate Ltd. v. Imperial Palace of Miss., Inc.*, 600 F.3d 511, 513 (5th Cir. 2010). Because this is a diversity case, the substantive law of Mississippi applies. *Id.*

## A.

Barden argues that it is entitled to indemnity for the underlying judgment because Great Northern improperly refused to defend it. This issue is informed

---

[1] The defense of that case ultimately cost Barden $60,000. The parties and the district court have agreed that this $60,000 is due and owing from Great Northern to Barden. At issue in this case are the underlying judgment of $42,500 levied against Barden for the Baier Case, and the fees incurred to date in the course of pursuing this declaratory judgment action, which were $72,988.08 as of the date of this appeal.

No. 10-60643

by our precedent in *Barden I*, where we explained that the insurance policy "unambiguously limits the duty to defend and indemnify to claims involving the 'sole negligence' of Top Line."  576 F.3d at 238.  "If the words of an insurance policy are 'plain and unambiguous,' they are applied as written."  *Id.* (quoting *Progressive Gulf Ins. Co. v. Dickerson & Bowen, Inc.*, 965 So.2d 1050, 1054 (Miss. 2007)).  Although *Barden I* held that Great Northern had a duty to defend Barden because there was an "arguable basis for liability under the policy," we noted that the duty to indemnify can be more narrow than the duty to defend. *Id.* at 239.  Specifically, we stated that "it is clear under the insurance policy that the duty to indemnify will attach only if Top Line is ultimately found 100% negligent."  *Id.*  As the district court explained, the jury in the underlying tort suit found that Top Line was 50% negligent and Barden was 50% negligent. Consequently, the duty to indemnify does not attach.[2]

B.

Barden further argues that because Great Northern breached its contractual duty to defend, Barden incurred fees and costs in the pursuit of this declaratory judgment action that it would not otherwise have expended.  In this diversity case we apply the law of Mississippi, which follows the "American Rule" that attorneys' fees are not awarded unless specifically provided for by contract, statute, or other provision of law.  *See Ingalls Shipbuilding v. Federal Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005).  It is undisputed that there are no statutory or contractual provisions authorizing an award of attorneys' fees in this case.

---

[2] We note also that Barden has produced no evidence that Great Northern acted in bad faith in interpreting its duty to defend under the insurance policy.  "Generally, if the insurer has acted in good faith, it is not liable for any amount beyond the stated policy limit."  *Liberty Mutual Fire Ins. Co. v. Canal Ins.*, 177 F.3d 326, 336 (5th Cir. 1999).

No. 10-60643

Barden contends, however, that this case falls within an exception to the general rule. It points to *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290 (Miss. 1992), where the Mississippi Supreme Court suggested that attorneys' fees "might be available as reasonably foreseeable damages where an insurer had no legitimate or arguable reason for denying benefits but did not act willfully, intentionally or maliciously." *Stratford Ins. Co. v. Cooley*, 985 F.Supp. 665, 673 (S.D. Miss. 1996) (citing *Veasley*, 610 So.2d at 295). Assuming arguendo that this principle obtains in the Mississippi courts, Barden has failed to demonstrate that Great Northern had "no legitimate or arguable reason" for its refusal to defend in the Baier Case. For example, Barden has failed to rebut Great Northern's assertion that it did not believe the slot stool at issue in the Baier Case was a stool that was covered under the policy in question. Barden's argument also overlooks that Great Northern's duty to defend attached only because we found that there was an *arguable* basis for coverage, reversing the district court's contrary conclusion; Great Northern's conflicting interpretation was not implausible or illegitimate. Barden has thus failed to establish any possible basis for its claim to attorneys' fees in this case.

### III.

In sum, we conclude that under the insurance policy between the parties, Great Northern and Top Line are not obligated to indemnify Barden for the judgment in the Baier Case because the jury in that case determined that Top Line was not solely negligent. We further conclude that there is no basis for Barden's claim to attorneys' fees and costs incurred in pursuing the instant declaratory judgment. For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5