NANCY F. ATLAS, SENIOR UNITED STATES DISTRICT JUDGE
This is a trademark dispute concerning the names and logo used by two restaurant chains. Defendants El Pollo Regio IP, LLC and Jorge Bazaldua[1] ("Bazaldua" and, with El Pollo Regio IP, LLC, "Defendants") filed a "Motion to Dismiss Plaintiffs' First Amended Complaint, and Memorandum of Law in Support" ("Motion") [Doc. # 18]. Plaintiffs Isaias Rosales, individually and doing business as Pollos Asados El Regio ("Rosales"), and nine companies Rosales owns (collectively, "Plaintiffs"), filed a response in opposition [Doc. # 20], to which Defendants replied [Doc. # 21]. The Motion is ripe for disposition. Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court denies in part and grants in part Defendants' Motion.
I. BACKGROUND [2]
Plaintiff Isaias Rosales founded a restaurant chain known as "Pollos Asados El Regio" in the Houston area in 1998 or 1999,[3] at some point registering the name "Pollos Asados El Regio" with Harris County.[4] Rosales also hired and paid an artist to design a logo that the restaurants, which specialize in Monterrey-style mesquite grilled chicken and similar fare, adopted and continue to use today.[5] The logo ("Logo") is a cartoon chicken in a yellow cowboy hat and red apron, against a blue background, with one wing pointing out and the other wing down at its side.[6]
Rosales, through the Plaintiff companies, currently operates a number of restaurants across Texas, including in Alvin, *782 Conroe, Houston, Katy, New Caney, Rosenberg, and Spring.[7] According to Plaintiffs, their grilled chicken restaurant businesses allegedly have established a reputation throughout the greater Houston area that is linked to the businesses' name, i.e. , Pollos Asados El Regio, and Logo.[8]
Rosales alleges that he helped Defendant Bazaldua, his ex-brother-in-law, "get started in the business" by sharing his business practices with Bazaldua and providing Bazaldua a license to use Plaintiffs' "recipes, logo, processes, and business model."[9] The license seems to have included using the name "Pollos Asados El Regio" or a variation on it.[10] According to Plaintiffs, the license extended only to the one restaurant that Bazaldua had opened at the time.[11] Plaintiffs allege that Bazaldua agreed to compensate Rosales for use of Rosales' intellectual property, and paid Rosales approximately $4,000 over the course of one or two months for Bazaldua's use of the Logo.[12] The payments, however, ceased.[13]
According to Plaintiffs, Bazaldua today operates multiple grilled chicken restaurants in the Dallas-Fort Worth and Austin areas, and, in the course of active business expansion, has opened a restaurant in Houston.[14] Plaintiffs claim these restaurants are named "El Pollo Regio," a name allegedly identical or extremely similar to "Pollos Asados El Regio," and that Bazaldua, exceeding the scope of the limited license granted him, has used Plaintiffs' businesses' name, Logo, recipes, and business model in operating the El Pollo Regio restaurants.[15]
Rosales further alleges that Defendant El Pollos Regio IP, LLC registered federal trademarks for a logo of a cartoon chicken and the business name "Pollo Regio" ("Registered Marks").[16] Plaintiff asserts that the Registered Marks are essentially the same as the marks Rosales developed and Plantiffs use.[17] According to Rosales, in 2016, Bazaldua and his agents contacted Plaintiffs and claimed that Plaintiffs were infringing on Defendants' federal trademark rights.[18] Rosales claims that Bazaldua initially offered to pay Rosales to change the Logo "and/or" name of Rosales' businesses, but subsequently retained counsel and formally threatened suit *783 against Plaintiffs for trademark infringement.[19]
Plaintiffs now seek relief by way of declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that they are the senior users of the Logo and the names "Pollos Asados El Regio" and "El Pollo Regio" (together with the Logo, the "Marks"), which Plaintiffs assert that they have been using continuously in commerce in "various locations in Texas for nearly twenty years."[20] Defendants filed a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction and that Plaintiffs fail to state a claim for which relief may be granted.[21]
II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
A. Legal Standard
Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Smith v. Regional Transit Auth. , 756 F.3d 340, 347 (5th Cir. 2014) (quoting Krim v. pcOrder.com, Inc. , 402 F.3d 489, 494 (5th Cir. 2005) ). "In considering a challenge to subject matter jurisdiction, the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.' " Id. When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. See Alabama-Coushatta Tribe of Tex. v. United States , 757 F.3d 484, 487 (5th Cir. 2014) ; Gilbert v. Donahou , 751 F.3d 303, 307 (5th Cir. 2014).
A motion to dismiss for lack of subject matter jurisdiction should be granted if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. Venable v. La. Workers' Comp. Corp. , 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." In re Mirant Corp. , 675 F.3d 530, 533 (5th Cir. 2012) (quoting Lane v. Halliburton , 529 F.3d 548, 557 (5th Cir. 2008) ). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." Id. (quoting Lane , 529 F.3d at 557 ).
B. Analysis
Defendants argue that this Court lacks subject matter jurisdiction because Plaintiffs "only seek declaratory judgment on a single state law issue," namely, Plaintiffs' alleged statuses as senior users of the Marks, "and do not seek to enforce any federal rights."[22] The Court concludes federal subject matter jurisdiction exists pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.
"The Lanham Act was intended to make 'actionable the deceptive and misleading *784 use of marks' and 'to protect persons engaged in ... commerce against unfair competition.' " Two Pesos, Inc. v. Taco Cabana, Inc. , 505 U.S. 763, 767-78, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (quoting 15 U.S.C. § 1127 ). "A mark need not be registered in order to obtain protection because '[o]wnership of trademarks is established by use, not by registration.' " Bd. of Supervisors for La. State Univ. Agric. and Mech. College v. Smack Apparel Co. , 550 F.3d 465, 475 (5th Cir. 2008) (quoting Union Nat'l Bank of Tex., Laredo v. Union Nat'l Bank of Tex., Austin , 909 F.2d 839, 842 (5th Cir. 1990) ).
Plaintiffs claim that they are owners of legally protected marks, namely, the Marks, and that their use predates that of Defendants-in other words, that Plaintiffs are senior users of the Marks.[23] Plaintiffs specifically reference the Lanham Act, 15 U.S.C. § 1051 et seq. Plaintiffs, after stating they bring a claim under the Lanham Act, point specifically to the following provision of that Act:
Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.
15 U.S.C. § 1120.[24] Plaintiffs' allegations, if unclearly presented, raise a question under the Lanham Act and give rise to federal question jurisdiction.[25]
Further, in the context of trademark law, the Fifth Circuit has noted that "[f]ederal question jurisdiction exists over a declaratory judgment action based on trademarks where 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment' and where the alleged infringer is actively engaged in conduct that could constitute trademark infringement." Uptown Grill, L.L.C. v. Shwartz , 817 F.3d 251, 256 (5th Cir. 2016) (quoting Vantage Trailers, Inc. v. Beall Corp. , 567 F.3d 745, 748 (5th Cir. 2009) ). Plaintiffs allege that Defendants have threatened to sue Plaintiffs for trademark infringement if Plaintiffs continue to use the Marks.[26] Plaintiffs request declaratory relief because, Plaintiffs claim, Defendants' position has forced Plaintiffs to choose between "pursu[ing] what Defendants claim is illegal behavior, or else abandoning what Plaintiffs claim a right to do, namely, continue running their business with the Marks they have been using for years."[27] As alleged, the parties' dispute is a substantial controversy of sufficient immediacy and reality for purposes of the present suit.
Defendants' motion to dismiss for lack of subject-matter jurisdiction is denied.
III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
A. Legal Standard
A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is *785 viewed with disfavor and is rarely granted. Turner v. Pleasant , 663 F.3d 770, 775 (5th Cir. 2011) (citing Harrington v. State Farm Fire & Cas. Co. , 563 F.3d 141, 147 (5th Cir. 2009) ). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. Harrington , 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." See Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ; Patrick v. Wal-Mart, Inc. , 681 F.3d 614, 617 (5th Cir. 2012).
When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. Iqbal , 556 U.S. at 679, 129 S.Ct. 1937. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." Skinner v. Switzer , 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). Regardless of how well pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), superseded by statute on other grounds as stated in Lopez v. Smith , 203 F.3d 1122 (9th Cir. 2000) ; McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).
B. Analysis
Defendants argue that even if the Court has subject matter jurisdiction, Plaintiffs fail to state a claim under the Lanham Act upon which relief may be granted. Specifically, with respect to Plaintiffs' reference to the Lanham Act provision that provides for civil liability for false or fraudulent registration, 15 U.S.C. § 1120, Defendants assert that Plaintiffs merely cite the statute and do not allege the false or fraudulent representations Defendants supposedly made.[28]
The Court agrees with Defendants. Section 1120 provides for civil liability when a person procures "registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means...." 15 U.S.C. § 1120. Plaintiffs merely allege that Defendants exceeded the scope of the license granted them by Rosales by registering the Registered Marks with the United States Patent and Trademark Office, but do not allege specific misrepresentations, fraudulent declarations, or other false means by which Defendants procured registration of those Marks.[29] Defendants' motion to dismiss for failure to state a claim upon which relief may be granted therefore is granted.
IV. CONCLUSION AND ORDER
Plaintiffs' First Amended Complaint [Doc. # 17] raises questions under the Lanham Act, but fails to state a claim upon which relief may be granted. Accordingly, it is hereby
ORDERED that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, and Memorandum of Law in Support [Doc. # 18] is GRANTED IN PART AND DENIED IN PART . It is further
ORDERED that Plaintiffs' request for leave to amend is GRANTED . Plaintiff must file any amended complaint on or before August 21, 2017 . Failure of Plaintiff to timely file an amended complaint *786 may result in dismissal of this case with prejudice .

Plaintiffs list "Jose Juan Bazaldua" in the caption of the Original Complaint [Doc. # 1], but list "Jorge Bazaldua" in the caption of the First Amended Complaint [Doc. # 17] and had summons issued only for Jorge Bazaldua. See Doc. # 2. The Court assumes Jorge Bazaldua is the correct Defendant. The parties are instructed to accurately identify the parties to this suit in their papers going forward.

The following facts are primarily derived from Plaintiffs' First Amended Complaint [Doc. # 17].

See index="42" url="https://cite.case.law/citations/?q=15%20U.S.C.%20%C2%A7%201120">id. at 4.

Id.

Id.

Id.

Id.

Id. at 5.

Id. at 4.

See Response [Doc. # 20], at 2. Plaintiffs allege that the names "Pollos Asados El Regio" and "El Pollo Regio" are virtually identical, and at times describes the license as also permitting Bazaldua to use the name "El Pollo Regio." See index="49" url="https://cite.case.law/citations/?q=15%20U.S.C.%20%C2%A7%201120">id.

See itation index="50" url="https://cite.case.law/citations/?q=15%20U.S.C.%20%C2%A7%201120">id. ; First Amended Complaint [Doc. # 17], at 4.

First Amended Complaint [Doc. # 17], at 4.

Id.

Id. at 4-5; see Response [Doc. # 20], at 4.

See First Amended Complaint [Doc. # 17], at 5.

Id. Plaintiffs define "the names 'El Pollo Regio' / 'Pollos Asados El Regio' and a logo of a cartoon chicken wearing a cowboy hat" as the "marks" Defendants allegedly registered with the United States Patent and Trademark Office, but do not specify the number of Defendants' registrations or whether the registrations are composite or word marks, or some combination. Additionally, the Court notes that what Plaintiffs frequently refer to as Defendants' registered "trademarks" may instead be one or more service marks. In deciding the pending Motion, the Court assumes multiple registered trademarks are at issue.

See id.

Id.

Id.

See ion index="57" url="https://cite.case.law/citations/?q=15%20U.S.C.%20%C2%A7%201120">id. at 6. Plaintiffs also seek recovery of reasonable and necessary costs and attorney's fees, leave to amend the First Amended Complaint to add claims under applicable law, and further relief the Court deems just and equitable. Id. at 8.

See Motion [Doc. # 18].

See Reply [Doc. # 21], at 2.

See First Amended Complaint [Doc. # 17], at 6.

Response [Doc. # 20], at 5.

It is unclear whether Plaintiffs also intend to assert claims under 15 U.S.C. §§ 1052(a) and 1125.

See First Amended Complaint [Doc. # 17], at 5.

See Response [Doc. # 20], at 6.

Reply [Doc. # 21], at 5-6.

See also note 25 supra.