# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-60515

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2024

Lyle W. Cayce
Clerk

Craig Bridgeman,

*Plaintiff—Appellant*,

*versus*

SBC Internet Services, Incorporated; Sedgwick Claims Management Services, Incorporated,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-514

———————————————————

Before Southwick, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

This suit for bad-faith failure by an employer to pay benefits was filed seven years after the Mississippi Workers' Compensation Commission's 2014 ruling on the specific benefits at issue. Commission rulings on other benefits were entered in later years, and judicial review of those later decisions ended in 2018. The district court dismissed the suit because, among

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

other reasons, it was barred under the applicable three-year statute of limitations. The Plaintiff argues that his claim did not accrue until all proceedings at the Commission and judicial review of those proceedings had concluded. We disagree and AFFIRM.

Craig Bridgeman, proceeding *pro se*, sued his former employer, SBC Internet Services, Inc., and its claims administrator, Sedgwick Claims Management Services, Inc. (collectively, "Defendants"), alleging they suspended his temporary workers' compensation benefits in bad faith for approximately one month in 2013 and for a little over two months in 2014. The benefits were being paid for an injury Bridgeman suffered in March 2013. The district court granted the Defendants' motions to dismiss for insufficient service of process under Rule of Civil Procedure 12(b)(5) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The former dismissal was without prejudice and the latter with prejudice because the court concluded Bridgeman's claims were time-barred under Mississippi's general statute of limitations. *See* MISS. CODE ANN. § 15-1-49(1).

The district court had subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. We therefore apply Mississippi substantive law because it is the forum state. *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The applicable decisions of the Supreme Court of Mississippi provide controlling law, while decisions of the Mississippi Court of Appeals provide persuasive authority. *Id.* at 617–18. Under our rule of orderliness, a prior panel's precedential interpretation of the relevant state law is binding on later panels "absent a subsequent state court decision or statutory amendment which makes this Court's [prior] decision clearly wrong." *Lee v. Frozen Food Express, Inc.*, 592 F.2d 271, 272 (5th Cir. 1979); *accord F.D.I.C. v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998).

We liberally construe Bridgeman's filings because he is proceeding *pro se*. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). We first consider his arguments that the district court erred in dismissing his suit under Rule 12(b)(6) as time-barred. Our review is *de novo*. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306 (5th Cir. 2021).

Bridgeman argues his bad-faith claims against the Defendants are not time-barred because they did not accrue until 2018 when the Mississippi Court of Appeals affirmed the final order of the Commission as to all of Bridgeman's claims. *See Bridgeman v. SBC Internet Servs. Inc.*, 270 So. 3d 112, 114–15 (Miss. Ct. App. 2018). Only then, Bridgeman argues, did the Commission's order become final, allowing him to sue within the three-year statute of limitations. The 2018 opinion reviewed the Commission's determination that Bridgemen was entitled to *permanent* partial disability benefits for loss of use of one arm. *Id.* at 113–14. He makes no claims of bad faith related to those benefits. Instead, the alleged bad faith by the Defendants was the suspension of *temporary* total disability benefits in 2013 and 2014.

We lay some groundwork for our analysis with relevant dates. On January 17, 2014, Bridgeman filed a motion with the Commission to compel the Defendants to end the suspension of the temporary total disability benefits he had been receiving for a work-related injury to his right arm that occurred on March 27, 2013. The motion states that he had been receiving those benefits since about April 4, 2013, but the benefits had been improperly suspended on the basis that he was refusing medical treatment. Bridgeman's motion did not refer to any suspension except for one that occurred in January 2014. It appears the Defendants began making the payments without any order from the Commission.

On March 11, 2014, an administrative judge granted Bridgeman's motion to compel. The order stated that the carrier "shall pay temporary total

disability benefits beginning January 4, 2014, and continuing to the date of maximum medical improvement." Neither the motion nor the order granting it stated a monetary amount, but it is evident that the administrative judge was ordering the Defendants to restart payments of the same temporary total disability benefit payments that had first been paid in April 2013 but had been suspended in January 2014. There was no appeal from that order, and it became final 20 days later. *See* Miss. Code Ann. § 71-3-47. The Defendants argue that at the end of those 20 days, the statute of limitations for Bridgeman's bad-faith claim about those benefits began to run.

On September 17, 2015, another order was entered by an administrative judge, awarding Bridgeman "permanent partial disability benefits for 100 weeks beginning January 26, 2015, at the rate of $449.12 per week." The Mississippi Court of Appeals issued the final opinion reviewing Bridgeman's arguments in August 2018. *See Bridgeman*, 270 So. 3d at 112.

Our task is to identify day one of Bridgeman's three-year calendar for bringing suit. A claim accrues when "a cause of action has become an enforceable claim." *Patrick*, 681 F.3d at 621 (citation omitted). In *Patrick*, we analyzed a similar accrual issue involving a workers' compensation claim for which a final Commission order was entered in 1999 and from which no appeal was taken. *Id.* at 616. The employer had denied coverage — that denial was the event that underlay the later bad-faith claim — but the Commission awarded temporary total disability benefits for 11 months. *Id.* In 2005, the worker sought additional benefits against that same employer, and the Commission awarded temporary disability benefits in the same amount as before but for the maximum period of 450 weeks, offset by the 11 months of benefits already paid. *Id.* at 617. After that second award had been affirmed by the Mississippi Court of Appeals in 2008, the claimant brought a civil action in 2010, arguing that his employer had engaged in bad faith when denying the claims that the Commission had found valid in 1999. *Id.*

4

No. 23-60515

Thus, the issue for this court was whether the bad-faith claim for the initial denial of any benefits accrued in 1999 or in 2008. The court examined Mississippi precedent and other authorities before stating this:

> Requiring all benefits to be awarded before the statute of limitation commences is inconsistent with the manner in which workers' compensation benefits are determined and with the purposes of requiring timely suits. As occurred here and as authorized by statute, there can be long delay between an award of temporary benefits and an award of permanent ones. There also can be . . . independent medical services being provided that may be contested while the temporary or permanent benefits are also being paid.

*Id.* at 620.

If delay in filing suit is because of some later determinations by the Commission that are unrelated to the claim that has been resolved, such delay is inconsistent with the reasons for a statute of limitations:

> The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.

*Id.* (quoting *Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999)).

In summary, the *Patrick* court held that once a final decision about specific benefits has been made, such as those for temporary disability, the continuation of the administrative proceedings to resolve claims for other benefits does not toll the limitations period. *Id.* at 621.

5

No. 23-60515

We apply those principles here. Bridgeman first had to present his claims to the Commission and exhaust them administratively. *Id.* at 619. Bridgeman's accrued claim of bad faith is based on the Defendants' suspension of temporary benefits in 2014;[1] his claim accrued when the right to those benefits was exhausted through a final award. *Id.* at 619–20. His January 17, 2014, motion to compel claimed that his previous benefits should not have been suspended, and the administrative judge's March 11, 2014, order granted the motion. Twenty days later that award became final and, the Defendants argue, the claim for the 2014 suspension accrued.

Bridgeman argues there were omissions in the administrative judge's March 11, 2014, order that kept it from being final. One is that the "[o]rder did not compel benefits until the date of maximum medical improvement." To the contrary, the language in the order stated that the "Employer/Carrier" (*i.e.*, the Defendants) were to pay those benefits until maximum medical improvement. No date could be set, of course, because it would depend on later evidence.

Bridgeman also argues that because the March 11, 2014, order did not state a specific dollar amount of benefits, it was not an "award." As this court stated in *Patrick*, the "'decision to grant or deny a *specific amount of compensation*' made an AJ's order final with respect to the limitations period." *Id.* at 618 (emphasis added) (quoting *Bullock v. AIU Ins.*, 995 So. 2d 717, 722 (Miss. 2008)). It is true that neither the motion to compel nor the administrative judge's order stated the dollar amount of the weekly temporary total disability benefits that had been paid since April 2013, were suspended, then restarted by the order. On the other hand, nothing in

---

[1] We agree with the district court that Bridgeman's claims about suspension in 2013 are not administratively exhausted as he did not seek to compel those payments.

No. 23-60515

Bridgeman's motion or in the administrative judge's order supports that there was a disagreement about the amount, only about whether that amount had improperly been suspended.

We examined the record for information about the monetary amount. We do not have much of the Commission record, but likely there was no initial order establishing the amount of benefits because there is no order requiring payments "except where liability to pay compensation is controverted." *See* Miss. Code Ann. § 71-3-37(1). Nothing in the record indicates there was an initial controverting. Some documentation is still required. When the employer begins making payments or later suspends them for some reason, it must file a form with the Commission. § 71-3-37(3). The record does not contain the form that should have provided notice to the Commission that the first payments had begun. A later form is in the record, prepared by the Defendants, filed with the Commission, and stating it was given to Bridgeman on March 7, 2014, the day of the hearing before the administrative judge. The completed form stated that $449.12 was the amount of the weekly benefits Bridgeman was owed because, in the language of the form, he "again became temporarily totally disabled on 01/04/14."

The March 11, 2014, order granted a specific amount of benefits without needing to state the amount. That was because the only question before the administrative judge was whether these Defendants needed again to start paying the specific amount of benefits that they had begun paying in 2013 but later suspended. After the administrative judge granted the motion, the Defendants were required to make those specific payments. We interpret *Bullock* to mean that an order such as this one grants a specific amount of compensation.

The granting of the motion to compel the reinstatement of temporary total disability benefits on March 11, 2014, was an award, and no appeal was

No. 23-60515

taken.  No later decision by the Commission or Mississippi Court of Appeals could have affected the elements of Bridgeman's bad-faith claims against the Defendants for what occurred before March 2014. *Patrick*, 681 F.3d at 621. Bridgeman's 2021 suit was thus filed outside the three-year statute of limitations.

The district court's dismissal under Rule 12(b)(6) was proper.  We need not address Bridgeman's arguments regarding the district court's Rule 12(b)(5) dismissal.  Finally, we find no abuse of discretion in the district court's denial of Bridgeman's motion to recuse.

AFFIRMED.