EN BANC.
This is.an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein Ida Mae Flemón instituted a workmen’s compensation case alleging that she suffered a series of injuries which occurred on four different occasions between December 19, 1969 and May 14, 1975. The injuries complained of were: (1) to her right extremity, including myosi-tis; (2) a ruptured intervertebral disc; (3) psychic overlay; and (4) anxiety reactions over a period of time.
The employer and carriers answered denying any liability for various reasons.
The record shows that on February 4, 1976, the United States Fidelity and Guaranty Company filed 185 separate interrogatories to the claimant; and, on February 20, 1976, Home Indemnity filed 18 separate interrogatories to the claimant, making a total of 203 interrogatories.
The claimant refused to answer interrogatories for a period of more than one year and upon motion of the carriers, Ida Mae Flemon’s claim for benefits was dismissed.
Appellant assigns six errors as grounds for reversal. However, only three of these are briefed:
I.
The appellant first contends that there is no statutory authority which allows the application of discovery statutes to proceedings under the Workmen’s Compensation Act.
The appellant cites Mississippi Code Annotated section 13-1-201 (1972) which states:
DISCOVERY PROCEEDINGS
§ 13-1-201. Application to civil proceedings.
Sections 13-1-201, 13-1-226 through 13-1-237, 13-1-241, and 13-1-243, apply to civil proceedings in the circuit, chancery and county courts of this state.
Appellant argues that the statute quoted above clearly states that the discovery procedures apply only to civil proceedings in circuit, chancery and county courts and contends that the legislature specifically left out workmen’s compensation matters in their applicability.
In answer to this contention, the carriers cite Mississippi Code Annotated section 71-3-85 (1972) which reads, in part, as follows:
(3) The commission shall have the powers and duties necessary for effecting the purposes of this chapter, including the powers of a court of record for compelling the attendance of witnesses, examining them under oath, and compelling the production of books, papers, documents, and objects relevant to the determination of a claim for compensation, and the power to adopt rules and regulations and make or approve the forms relating to notices of injuries, payment of claims, and other purposes. The authority of the commission and its duly authorized representatives to investigate and determine claims for compensation shall include the right to enter the premises where an injury occurred, to ascertain its causes and circumstances. (Emphasis added).
Section 71-3-85 further provides:
(5) The commission shall adopt detailed rules and regulations for implementing the purposes of this chapter at hearings attended by the main parties interested. Such rules, upon adoption, shall be published and be at all reasonable times made available to the public and, if not inconsistent with law, shall be binding upon those participating in the responsibilities and benefits of the workmen’s compensation law. (Emphasis added).
*275 Pursuant to the authority vested in the Commission by and through sections 71-3-61 and 71-3-85, the Commission promulgated and published Procedural Rule 9 which reads in part:
Depositions may be taken and discovery had by any party in accordance with the statutory provision relating to civil actions in the chancery and circuit courts of this state, unless the parties agree otherwise.
This rule, in effect, adopted the statutory provisions relating to discovery and depositions applicable to civil actions in circuit, chancery and county courts, including the penalties and sanctions that may be imposed for failure to answer or respond to interrogatories or orders of discovery. Contrary to the appellant’s contention, Mississippi Code Annotated section 13-1^201 (Supp.1978) does not expressly or by implication prevent the Workmen’s Compensation Commission from adopting the discovery proceedings as a part of its rules of procedure. The legislature did not manda-torily make the discovery procedures applicable to the Workmen’s Compensation Commission, but left to its discretion whether to adopt the statutory discovery procedures by a rule of the Commission, which it has done.
The appellant next argues that Rule 9 was adopted prior to the enactment of our new discovery statutes, 13-1-201 et seq., which became law in 1976 and would not encompass the new statutes. It is not necessary that we answer that contention for the following reasons:
At the time of the filing of the motion to controvert herein on behalf of claimant, the statutory provision for interrogatories to parties in civil actions in the chancery and circuit courts of this State was, and still is, Mississippi Code Annotated section 13 — 1— 233 (Supp.1978). Thus, pursuant to Procedural Rule 9 of the Commission, the statutory provision for interrogatories was, and still is, applicable to matters before the Mississippi Workmen’s Compensation Commission. The chain of authorization is clear, definite and a matter of public record.
Mississippi Code Annotated section 13-1-226 (Supp.1978), the general statutory provision governing discovery, includes written interrogatories as one of the methods by which a party is entitled to seek discovery. The term “discovery”, as found in Procedural Rule 9, therefore, embraces written interrogatories, as well as the other methods of discovery set forth in section 13-1-226.
The specific statutory provision for interrogatories to parties in civil actions in the chancery and circuit courts of Mississippi is section 13-1-233 and this statute provides, in part, that:
(a) . . .
Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the persons making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty (30) days after the service of the interrogatories, except that a defendant may serve answers or objections within forty-five (45) days after service of the summons upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under section 13-l-237(a) with respect to any objection to or other failure to answer an interrogatory.
There is no qualitative difference between written interrogatories under section 13-1-233 which was in force in 1976 when this claim was instituted and written interrogatories under its predecessor provision which was Mississippi Code of 1942 Annotated section 1712. This section provided, in part, that:
If the testimony of a party to the suit be desired by the adverse party, interrogatories to him may be filed in the clerk’s office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fails to answer such interrogatories within thirty *276 (30) days after service thereof . his plea shall be dismissed, if he be plaintiff or complainant .
Section 1712 specifically provided for dismissal upon the failure of a party to answer such interrogatories within thirty days provided therein; Mississippi Code Annotated section 13-l-237(b)(2)(C) (Supp.1978) also specifically permits the dismissal of an action for precisely the same reason. Thus, despite claimant’s declarations to the contrary, written interrogatories were a part of the available discovery procedures in force and effect both when Procedural Rule 9 was enacted and at all times pertinent to this case including the date on which this claim was filed.
We are of the opinion that the Workmen’s Compensation Commission order dismissing Ida Mae Plemon’s claim was correct in holding that the term “discovery”, as found in Procedural Rule 9, embraces written interrogatories, as well as the other methods of discovery set forth in section 13-1-226.
II.
The appellant next contends that the 203 interrogatories propounded in this cause are such that they constitute harassment, undue burden, annoyance, oppression, and excessive expense upon the complainant. Generally, the prevailing view is that the number of interrogatories standing alone is not objectionable, per se. Upon proper motion, it is the duty of the administrative judge or the Commission, as the case may be, to determine whether the interrogatories are oppressive. If found to be oppressive, they may be stricken. Unless a protective order striking the interrogatories or portions of them is obtained by the objecting party, then they must be answered as provided by statute or claimant’s cause may be dismissed. We would note that counsel should always use some judgment in the drafting and preparation of interrogatories in order that they will expedite rather than confuse, delay or unduly burden the other party. We are unable to say, under the facts of this case, where claimant’s alleged injuries occurred over a six-year period, that the administrative judge and Commission abused their discretion in not striking the interrogatories. Upon failure of the administrative judge or Commission to strike the entire package of interrogatories, the claimant should have filed objections to specific interrogatories so that a ruling could be had on them, but this appellant failed to do.
We have considered the remaining contentions of appellant and find them to be without merit.
The judgment of the circuit court affirming the order of the Workmen’s Compensation Commission and administrative judge dismissing Ida Mae Plemon’s claim for failure to answer interrogatories is affirmed.
AFFIRMED.
All Justices concur.