SOUTHWICK, J., for the Court:
¶ 1. This is an appeal from a decision of the Pearl River County Circuit Court reversing and remanding to the Mississippi Workers’ Compensation Commission a decision regarding the attorney’s fees for the claimant. We find that the court was correct and affirm.
FACTS
¶ 2. Charles Bennett was injured on September 14, 1989, while employed with the City of Picayune Public Works Department. He began receiving temporary total disability benefits and continued to get those benefits through to the time of his administrative hearing in 1996. Bennett retained attorney James Wetzel who filed a motion to controvert on December 6, 1991. This was the beginning of a lengthy legal battle between the claimant and the City. Bennett ultimately prevailed when the City did not appeal the decision of an administrative law judge rendered November 27, 1996, finding the claimant eligible for permanent total disability benefits. This appeal does not involve any of the issues regarding Bennett’s disability or the amount of his ovei-all benefits. Instead, the issue is whether his attorney is entitled to receive all of the unpaid benefits as his fee.
¶ 3. On December 16, 1996, Wetzel filed a request for partial lump sum payment of his fees. The majority of the benefits awarded Bennett had already been paid by the time Wetzel filed his request. The parties agree that Wetzel is entitled to an overall fee of $23,258.83 as 25% of the total benefits of $92,970. However, only a little over $13,000 remained unpaid to the claimant at the time of the request for attorney’s fees. The commission found it could only authorize a payment of 25% of the unpaid benefits. Any additional amount to which Wetzel was entitled would have to be sought directly from the claimant, Bennett. Only $3,288.36 was authorized to be paid Wetzel out of the $13,-488.03 that remained to be paid the claimant. Wetzel appealed to the Pearl River County Circuit Court. The court reversed and ordered that Wetzel be paid all of the remaining benefits. The City has appealed and *1079 seeks the reinstatement of the Commission’s decision.
DISCUSSION
¶ 4. The question presented in this appeal is one of statutory interpretation. We therefore review the issue de novo. Trustmark National Bank v. Pike County National Bank, 716 So.2d 618, 620 (Miss.1998). The relevant statute concludes this way:
When an award of compensation becomes final and an attorney fee is outstanding, a partial lump sum settlement sufficient to cover the attorney fee approved therein by the commission shall be made immediately, from payments last to become due, and the deductions allowed by the law shall be borne equally by the attorney and the client.
Miss.Code Ann. § 71-3-63(3) (Rev.1995). The meaning of the statute is relatively clear. Bennett’s award of compensation was final. His attorney’s fee was outstanding. Those two factors having been met, Wetzel was entitled to receive “a partial lump sum settlement sufficient to cover the attorney fee approved therein by the commission” which would be paid “from payments last to become due.... ” Id. Wetzel was entitled to receive $23,158.83, but only $13,488.03 remained unpaid to the claimant from which to receive that payment. It would appear from the plain language of the statute that Wetzel should receive all of the remaining amount and look to Bennett, his client, if he wished to receive the remaining amount.
¶ 5. The Commission implicitly read into the statute an equitable limit to what the attorney could receive. Since what was left unpaid to the claimant was less than the attorney’s total fee, the Commission wanted to avoid abruptly cutting off the claimant’s payments. This conclusion can be seen when the Commission stated “that with substantially all of the award having been paid by the Carrier, the most that we may award counsel in a lump sum is 25% of those weekly benefits not yet paid the Claimant.”
¶ 6. First, we acknowledge that the equity of stopping a claimant’s benefits in order to cover his attorney’s fees might be reasonably debated. Secondly, however, it must be acknowledged as well that such debates are initially for the legislative branch of government. Only if the legislature has failed to address the relevant question might the court proceed to determine the proper answer. In the statute an attorney is entitled to be paid 25% of benefits, and that fee explicitly is to be paid as' a lump sum “immediately, from payments last to become due” to the claimant.
¶ 7. If the claim for a fee is made at the beginning of payment of benefits, the statute does not state whether the last quarter of the time period for the making of payments will be dropped and the payments that would have been made then, instead will be given in advance to the attorney. The language of the statute certainly permits that. The more time that has passed before the order for attorney’s fetes is entered, the more likely it becomes that the only mathematically possible manner in which to make the fee payment is by ending the .claimant’s payments early and prepaying those amounts to the attorney.
¶8. We are pointed to no authority preventing the exhaustion of the unpaid benefits in order to make a lump sum payment for attorney’s fees. The most the parties have found are some general pronouncements. One treatise writer states that “[i]n instances where a part of the compensation has accrued when the award becomes final, the attorney will be allowed the approved percentage upon accrued compensation and may have a partial lump sum settlement on the amount of compensation to accrue in the future.” VaRdaman S. Dunn, Mississippi Workers’ Compensation § 352, at 450 (3d ed.1990). Dunn cites a precedent in which the attorney was entitled to his statutory percentage from the benefit amounts already accrued and also that percentage of the amounts to accrue in the future, the fee to be paid out of the amounts last to become due. Prentiss Truck and Tractor Co. v. Spencer, 228 Miss. 66, 88, 88 So.2d 99 (Miss.1956). All of that is consistent with a finding that the attorney is entitled to the statutory percentage of all benefits, whether paid or unpaid.
*1080 - ¶ 9. We find that the statutory language that Wetzel is to receive his fee from the payments last to become due can only be met in this case by providing all remaining payments to him. We find no implied statutory limit that no more than 25% of any single periodic payment can be taken from the claimant for this purpose. If 25% were the limit from any one payment, and the attorney is entitled to 25% of the total payments, then the only means by which the attorney could receive his compensation is if he received 25% of each payment from the very first. However, the statutory language is that the fee comes from the “payments last to become due,” not from every payment. We hold that the statute’s plain language provides for an attorney to receive his fee from the last of the payments. The Commission is obligated to stop further payments, to the claimant if that is necessary in order, to comply with the statute.
¶ 10. This is in fact no different financially to the claimant than if Wetzel had made his request for fees earlier in the process. At that time much more of the overall award would have remained unpaid, but the claimant still would have had his payments end early because of the neéd for a lump sum prepayment to the attorney. Wetzel’s delay at least in part was required by the need for the award to be final before he could seek his fee. Within a few weeks of this long controversy becoming final, Wetzel filed for his fee. By then, most of his client’s benefits had already been paid.
¶ 11. On the other hand, the employer and carrier’s obligations under the fee statute cannot exceed the amount that remains owed to the claimant.' With just under $13,500 left to pay the claimant, a lump sum payment of over $23,000 would exceed the carrier’s statutory liability. The statute limits the carrier-employer’s liability to the unpaid benefits. Miss.Code Ann. § 71-3-13(2) (Rev.1995). The remainder of Wetzel’s fee, about $10,000, would constitute a lien against the amounts already paid to his client.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ„ CONCUR.