## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-WC-00714-COA

**CRAIG BRIDGEMAN**                                                        **APPELLANT**

**v.**

**SBC INTERNET SERVICES INC. AND OLD**                    **APPELLEES**
**REPUBLIC INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/2016 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | CRAIG BRIDGEMAN (PRO SE) |
| ATTORNEY FOR APPELLEES: | THOMAS LYNN CARPENTER JR. |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 08/07/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Craig Bridgeman claims the Mississippi Workers' Compensation Commission (the Commission) erred when it found that he was entitled to permanent partial disability (PPD) benefits for a 50% industrial loss of use of his right upper extremity. According to Bridgeman, the Commission should have found that he suffered a 100% industrial loss of use. Finding no error, we affirm the Commission's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     Bridgeman was working for SBC Internet Services Inc. when he injured his right arm and shoulder. In August 2014, a physician opined that because Bridgeman could no longer climb utility poles, he could not return to his pre-injury position. Following medical

treatment, Bridgeman reached maximum medical improvement in January 2015. A functional-capacity evaluation indicated that Bridgeman had permanent work restrictions.[1] After SBC terminated Bridgeman because he could not return to work, Bridgeman filed a claim for workers' compensation benefits.

¶3.     The administrative judge found that Bridgeman's injury was compensable. In a thorough and detailed opinion, the administrative judge noted that Bridgeman had a 7% medical impairment to his right arm, but it was outweighed by a 50% industrial loss of use. Consequently, the administrative judge found that Bridgeman was entitled to PPD benefits equivalent to two-thirds of his average weekly wage for 100 weeks. Bridgeman appealed. The Commission adopted the administrative judge's findings and upheld her decision. Dissatisfied, Bridgeman appeals.

## STANDARD OF REVIEW

¶4.     Our review of the Commission's decision "is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated one's constitutional or statutory rights." *Gregg v. Natchez Trace Elec. Power Ass'n*, 64 So. 3d 473, 475 (¶8) (Miss. 2011). This Court does not reweigh the evidence, resolve questions of fact, or judge the credibility of witnesses; those are all matters for the Commission. *Short v. Wilson Meat House LLC*, 36 So. 3d 1247, 1251 (¶23) (Miss. 2010). "When the Commission accepts the findings and

---

[1] He could not perform overhead work for more than two-thirds of a day, lift more than seventy-five pounds from the floor to his waist, or lift more than thirty-five pounds from his waist to eye level. Additionally, Bridgeman could not constantly lift more than fifteen pounds, push more than 230 pounds, or pull more than 225 pounds.

conclusions of the administrative judge, this Court reviews those findings and conclusions as those of the Commission." *Pruitt v. Howard Indus. Inc.*, 232 So. 3d 822, 824 (¶7) (Miss. Ct. App. 2017).

## DISCUSSION

¶5.     Bridgeman claims that the Commission should have found that he suffered a total industrial loss of use of his right arm. According to Bridgeman, SBC did not adequately rebut the presumption of total loss of use that arose because he could not return to his pre-injury employment. We disagree.

¶6.     "In a scheduled-member case, a worker is always entitled to compensation for the medical or functional loss of his body part, regardless of whether the functional loss impacts his wage-earning capacity." *City of Laurel v. Guy*, 58 So. 3d 1223, 1226 (¶14) (Miss. Ct. App. 2011) (citing *Meridian Prof'l Baseball Club v. Jensen*, 828 So. 2d 740, 745-46 (¶¶13-14) (Miss. 2002)). "But . . . when the industrial loss is greater than the medical loss[,] . . . the claimant's industrial or occupational disability or loss of wage-earning capacity controls his degree of disability." *Id*. at (¶14) (citation and internal quotation mark omitted). "[T]here is a presumption of 100% industrial loss when the worker proves he can no longer perform the substantial acts of his usual employment." *Id*. at 1227 (¶16) (internal quotation mark omitted). "Usual employment in this context means the jobs in which the claimant has past experience, jobs requiring similar skills, or jobs for which the worker is otherwise suited by his age, education, experience, and any other relevant factual criteria." *Id*.

¶7.     Here, the administrative judge found that the presumption of 100% industrial loss

arose because Bridgeman could not return to his pre-injury employment. The Commission adopted the administrative judge's conclusion. The Commission also adopted the administrative judge's conclusion that SBC rebutted the presumption of 100% industrial loss.

¶8.     An employer can rebut the presumption of total industrial loss by proving that the claimant has the "ability to earn the same wages" that he was earning at the time of his injury. *Id*. at 1228 (¶24). Even if the employer successfully rebuts the presumption, that does not mean that the injured employee will not be able to recover benefits. *See id*. at 1229 (¶27). It just means that the employee will not recover for a 100% industrial loss of use; but the employee will still be able to recover based on the greater of two ratings: medical impairment versus industrial loss of use of the scheduled member. *See id*. at (¶¶27-28).

¶9.     Here, it was within the administrative judge's discretion to find that the total-loss-of-use presumption had been rebutted by Bruce Brawner's expert testimony and "industrially related factors." Bridgeman argues that SBC had to prove that Bridgeman could earn the same wage he was earning before his injury before the administrative judge could "look at factors such as age, education, work history, etc." Bridgeman is incorrect. "Rebuttal is shown by all the evidence concerning wage-earning capacity, including education and training [that] the claimant has had, his age, continuance of pain, and any other related circumstances." *Jensen*, 828 So. 2d at 748 (¶21). The analysis clearly contemplates that a fact-finder must determine a claimant's industrial loss of use by weighing these factors.

¶10.    As Brawner testified, Dr. William Geissler's records showed that Bridgeman could perform medium to heavy work. Brawner also noted that Bridgeman had "a marketable

4

[Bachelor's] degree in computer science, although he ha[d] never performed a job that require[d] this degree since obtaining it in 2002." Bridgeman had also previously worked as a teacher under an "emergency" license that is no longer available, so Bridgeman would have to obtain a license to return to work as a teacher. Ultimately, Brawner reported that Bridgeman's permanent work restrictions prevented him from working in 48% of the jobs that were available to him prior to his injury. So the administrative judge found that based on the totality of circumstances, Bridgeman experienced a 50% industrial loss of use of his arm. Because the administrative judge's decision was clearly within her discretion, we find that this issue is meritless.

¶11. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**