# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-WC-01262-COA

**CRAIG BRIDGEMAN**                                                    **APPELLANT**

**v.**

**SBC INTERNET SERVICES INC. AND OLD**                       **APPELLEES**
**REPUBLIC INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/24/2019 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | CRAIG BRIDGEMAN (PRO SE) |
| ATTORNEY FOR APPELLEES: | THOMAS LYNN CARPENTER JR. |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 04/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., TINDELL, McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     After successfully obtaining workers' compensation benefits for an injury his client suffered at work, the lawyer working for a claimant sought to withdraw from his case.  The Mississippi Workers' Compensation Commission granted the withdrawal request. It also granted the lawyer a lien for attorney's fees.

¶2.     The claimant later sought to clarify whether the withdrawal order allowed the lawyer's law firm to withdraw its representation as well.  The Commission amended its order to clarify the law firm was impliedly allowed to withdraw via its prior order.  The claimant appealed from the amended order, contesting the authority of the Commission to modify or amend its own orders.

¶3. Because the Commission did not exceed its authority in clarifying that the order allowed the law firm to withdraw, we affirm the Commission's decision.

## FACTS AND PROCEDURAL HISTORY

¶4. The dispute in this appeal arose during a workers' compensation claim initiated by Craig Bridgeman, who had been "working for SBC Internet Services Inc. when he injured his right arm and shoulder." *Bridgeman v. SBC Internet Servs. Inc.*, 270 So. 3d 112, 114 (¶2) (Miss. Ct. App. 2018). After the injury, "a physician opined that because Bridgeman could no longer climb utility poles, he could not return to his pre-injury position." *Id*. He was ultimately awarded partial permanent disability "benefits equivalent to two-thirds of his average weekly wage for 100 weeks." *Id*. at (¶3). Bridgeman appealed, arguing he was entitled to increased compensation. *Id*. We rejected that argument and unanimously affirmed the Commission's decision. *Id*. at 115 (¶11).

¶5. While that dispute was on appeal, a conflict arose between Bridgeman and the law firm representing him before the Commission during the course of the litigation. The contract for services is in the record. At the top of the contract is the name of the law firm, Morgan & Morgan, PLLC. The contract is clearly between Bridgeman and that law firm. The first line of the contract includes the language that "the undersigned . . . do hereby employ Morgan & Morgan, PLLC . . . to represent me as my attorney in my claim against SBC Internet Services." Christopher Neyland, the lawyer assigned to Bridgeman's case, signed the contract on behalf of the law firm in the blank designated for "Morgan & Morgan, PLLC Signature."

2

¶6. Before the Commission, and during the pendency of the appeal, Mr. Neyland sought to withdraw from representing Bridgeman. In his motion, he explained that the checks for the workers' compensation benefits were "made payable to both the Claimant" and the law firm. "However, the Claimant refuses to endorse the checks, making it impossible for counsel to receive its contractual fee." This impasse meant that "a conflict has arisen between the Claimant and his counsel," as Bridgeman's refusal to sign the checks meant they were all "returned to counsel for the Employer and Carrier."

¶7. Since the Commission had rendered its order and the case had been submitted on the briefs to the Mississippi Court of Appeals without oral argument, the law firm sought to withdraw its representation and enforce its lien. The Administrative Judge granted Mr. Neyland's withdrawal request and enforced a 25% lien. However, the order granting the withdrawal referenced only Mr. Neyland, and not the entire law firm. The Commission affirmed Mr. Neyland's withdrawal and lien but reversed the specific finding of an attorney's fee pending a final award of compensation.[1]

¶8. Bridgeman subsequently filed a "Motion for Clarification" with the Commission. In the motion, he argued that he only "views the order as permitting Christopher Neyland to withdraw as [his] attorney and the establishment of an attorney fee lien on Christopher

[1] The motion to withdraw was originally filed with our Court because the appeal was pending at that point. As explained in an order on November 15, 2017, "[t]he Court remanded the case to the Commission because it was better suited to address the dispute between Neyland and Bridgeman, which necessarily hinged to some degree on questions of fact." Nonetheless, Bridgeman continued to file subsequent motions with the Court, asking for relief regarding the withdrawal of his lawyer and the lien. This Court's November 15 order found Bridgeman's request was "moot" because he had not challenged the Commission's underlying resolution of the attorney-withdrawal and lien matters.

Neyland['s] behalf." In contrast, he viewed the carrier as taking a more expansive position—"that the order permitted Morgan & Morgan to withdraw as [his] attorney and the establishment of an attorney fee lien on Morgan & Morgan['s] behalf." Bridgeman believed that "position [was] in defiance of the plain language of the Commission Order."

¶9. Because of these differing viewpoints as to what the order allowed, Bridgeman "move[d] the Commission for an order clarifying the difference among the parties."

¶10. Neither Mr. Neyland nor Morgan & Morgan responded. However, the employer responded that as "an axiomatic principle of legal procedure," Mr. Neyland's withdrawal allowed Morgan & Morgan to withdraw as well. Consequently, Morgan & Morgan, with whom Bridgeman contracted for services, was both "the correct holder of the lien" and "the correct party to be permitted to withdraw."

¶11. After a telephonic hearing, the Commission issued an "Order on Motion." It found the request to clarify was moot, viewing the order by the Mississippi Court of Appeals as having dealt with all pending corollary issues regarding withdrawal or liens.

¶12. Still unsatisfied, Bridgeman filed a "Motion for Clarification and Motion for Reconsideration." He insisted he needed the Commission to explain whether only Mr. Neyland could withdraw and assert a lien, or whether Morgan & Morgan could do so as well.

¶13. The employer responded that this prolonged litigation was in the pattern of how Bridgeman had "fought as hard as he could to prevent his attorney from being paid for the work that attorney provided him in Claimant's case." For that reason, the employer asked the Commission to affirmatively "rule that its Order encompassed the principal and party to

4

the workers' compensation fee agreement . . . ." Without this ruling, the employer was concerned "there is no end in sight to the motions [Bridgeman] intends to file . . . ."

¶14. The Administrative Judge then ruled on the pending request to clarify or reconsider the Commission's prior order finding the dispute moot. The Administrative Judge found Bridgeman's motion "without merit" and ruled it "should be denied and dismissed." Bridgeman sought review by the full Commission of this order.

¶15. The full Commission subsequently issued an order. In it, the Commission summarized Bridgeman's position by stating that Bridgeman "argues that the [prior] Commission Order only allowed his attorney, Christopher Neyland, to withdraw and not the firm Morgan & Morgan." The Commission was unconvinced, concluding, "Simply put, this is not how it works." The Commission held that because Mr. Neyland was an agent of Morgan & Morgan, both he and the firm were permitted to withdraw their representation.

¶16. From that order, Bridgeman appealed, and the Mississippi Supreme Court assigned the case to this Court for a decision.

## STANDARD OF REVIEW

¶17. As we established in *Bridgeman*, "[o]ur review of the Commission's decision is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated one's constitutional or statutory rights." *Bridgeman*, 270 So. 3d at 114 (¶4) (internal quotation mark omitted).

## ANALYSIS

5

¶18. Bridgeman claims three errors on appeal: (1) the Commission's original order "did not allow Morgan & Morgan to withdraw as [his] counsel; (2) the order did not establish[] an attorney fee lien on [the law firm's] behalf"; and (3) it was error for the Commission to find that it did. In other words, despite expressly and repeatedly requesting the Commission to reconsider and clarify its previous order, Bridgeman complains on appeal that the Commission exceeded its authority by amending its prior order. His argument is not supported by any pertinent precedent or statute.

¶19. The Legislature has invested the Mississippi Workers Compensation Commission with certain authority. For instance, "[t]he commission and its hearing officers shall have power to preserve and enforce order during hearings"; it can "issue subpoenas" for testimony and the production of documents; and it can "examine witnesses" as needed. Miss. Code Ann. § 71-3-61(1) (Rev. 2001). The Commission has the authority "to do all things conformable to law which may be necessary to enable them effectively to discharge the duties of their office." *Id*. This same statute provides the Commission with contempt power in order to support its authority. *Id*. § 71-3-61(2).

¶20. We have held that this statute "grants the Commission the power to write and enforce its own rules[.]" *Pulliam v. Miss. State Hudspeth Reg'l Ctr*., 147 So. 3d 864, 869 (¶18) (Miss. Ct. App. 2014). Likewise, "[t]he power to control when evidence is presented is well within the administrative . . . judge's statutory power." *Congleton v. Shellfish Culture Inc*., 807 So. 2d 492, 496 (¶13) (Miss. Ct. App. 2002). Under this authority, the Commission has promulgated a series of its own procedural rules.

¶21. In this way, the Commission's procedural authority greatly mirrors those of our trial courts. *Accord Flemon v. State Poultry Co.*, 373 So. 2d 273, 275 (Miss. 1979) (explaining how the Commission's adoption of procedural rules are analogous "to civil actions in circuit, chancery and county courts, including the penalties and sanctions that may be imposed for failure to answer or respond to interrogatories or orders of discovery"). It is well-settled that "[t]rial courts have inherent authority and duty to control their dockets for the orderly disposal of business." *Harris v. Fort Worth Steel & Mach. Co.*, 440 So. 2d 294, 296 (Miss. 1983). Unless or until a notice of appeal has been filed, the trial court has the "authority to amend, modify, or reconsider its judgment." *Corp. Mgmt. Inc. v. Greene County*, 23 So. 3d 454, 460 (¶13) (Miss. 2009).[2]

¶22. In this case, the Commission issued an order allowing Bridgeman's attorney to withdraw his representation. The power of the Commission to grant or deny this relief is uncontested. The claimant then asked the Commission to clarify whether the order included the lawyer's law firm. Just as a trial court would, the Commission had the authority to amend, modify, or reconsider its prior order. The ability to amend its order was within the scope of the Commission's authority "to enable them effectively to discharge the duties of their office." Miss. Code Ann. § 71-3-61(1). Under our standard of review, this order was within the scope or power of the agency to make.

---

[2] This authority is most often expressed through Mississippi Rules of Civil Procedure 59 and 60, which allow parties or the court itself to seek a change in an order or judgment due to mistake, new evidence, accident, or the like. Yet the Rules expressly note those conditions for amendment or modification "do[] not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." M.R.C.P. 60(b).

¶23. Furthermore, to the extent Bridgeman continues to question whether the attorney's lien also extends to the law firm, the assignment of error is not supported by law or citation to the record. As a result, it is procedurally barred. M.R.A.P. 28(a)(7); *Bacallao v. Madison County*, 269 So. 3d 139, 147 (¶31) (Miss. Ct. App. 2018) ("Failure to cite legal authority in support of an issue is a procedural bar on appeal."), *cert. denied*, 258 So. 3d 285 (Miss. 2018).

¶24. Nonetheless, it is firmly established law that the Commission has the power to both attach liens and approve and fix legal fees. Miss. Code Ann. § 71-3-63(1). The fee statute declares "it shall be deemed conducive to the best interest of all concerned for the Commission to approve contracts for attorney's fees voluntarily entered into between attorney and client," and the Commission properly approved the contract for services and attached a lien in favor of the lawyer and law firm. *Id*. § 71-3-63(3); *see generally City of Picayune v. Bennett*, 724 So. 2d 1078, 1079 (¶¶4-8) (Miss. Ct. App. 1998) (explaining statutory interpretation of attorney's fees in workers' compensation cases).

¶25. The Commission was within its express statutory authority when it approved the contract and the lien. It was also within the Commission's authority to declare that Mr. Neyland was an agent of Morgan & Morgan and that the fee ran to the firm because Bridgeman's contract for services was clearly with Morgan & Morgan, and not Mr. Neyland. *See Epperson v. SOUTHBank*, 93 So. 3d 10, 16 (¶17) (Miss. 2012) (holding that "[t]his Court must accept the plain meaning of a contract as the intent of the parties where no ambiguity exists") (internal quotation mark omitted)).

¶26.    Because it was within its authority to modify the order, the Commission's decision is affirmed.

¶27.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, AND C. WILSON, JJ., CONCUR.**